EDNA MAGLATHLIN ET AL.

*vs.*

ELI A. ISAACSON ET AL.

Androscoggin.   Opinion, December 29, 1953.

*Seth May,* for plaintiff.

*John A. Platz,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J. (WEBBER, J., did not sit.)

THAXTER, J.   This was an action of trespass for cutting certain timber on a farm owned by the plaintiffs.   The defendants justify such cutting under a lease given by the plaintiffs to the defendants.   The property leased on which

the defendants claim the right to cut is described in the lease "as the homestead farm formerly of Philomen A. Bradford, deceased, and the herein leased land being bounded and described as follows:

"Northerly by lands now or formerly owned by Sanford Fiske, Octavia Shaw, Vance Merrill, J. F. Jennings, and Joshua M. Webb, now or formerly of James A. Jones, and Westerly by the County Road known as the North Parish Road.

"Being the same premises conveyed to Philip Bradford by deed of Hattie J. Maglathlin and Others, dated September 12, 1884 and recorded in Androscoggin County Registry of Deeds, Book 114, Page 526 and 527."

There is a further clause of said lease containing an exception, which clause is worded as follows:

"The parties of the first part hereby agree that the parties of the second part the said lessees, shall have the right to enter upon the within leased land and cut down and cart away all the lumber, both soft and hard wood, now standing on said land, EXCEPT that no lumber is to be cut off the ledge at the end of the lane leading from the house on said land. Also said lessees are to have all the logging privileges, together with the right of way needed for same, that go with said land."

The controversy in this case is whether or not the defendants cut lumber in violation of the clause in the lease "EXCEPT that no lumber is to be cut off the ledge at the end of the lane leading from the house on said land."

The plaintiffs allege that the defendants cut and carted away 179 trees of the value of $895 from the ledge on said land. The burden was upon the plaintiffs to establish that the trees were cut from "the ledge," to wit, the land described in the exception. There was no evidence in the case from which a jury would be warranted in finding that any

trees were cut upon that portion of the premises described in the exception as "the ledge at the end of the lane leading from the house on said land."

As above stated, the burden of proof was upon the plaintiffs to show that the defendants cut trees from the excepted portion of the premises. By no process of legerdemain can they shift this burden to the defendants and force them to prove that the trees they did cut were not cut from "the ledge at the end of the lane leading from the house on said land."

The trial judge directed a verdict for the defendants. No other ruling was possible on the record presented to us; and we have been over it very carefully in an effort to find whether or not there was any evidence in the case to support the plaintiffs' claim which would warrant submitting the case to the jury.

The case is before us upon exceptions to the direction of this verdict for the defendants, upon exceptions to denial of the plaintiffs' motion for a judgment *non obstante veredicto,* and upon a general motion for a new trial filed by the plaintiffs after they had noted exceptions to the direction of the verdict for the defendants and exceptions to the denial of their motion for a judgment *non obstante veredicto.*

As there was no evidence which would warrant the returning of a verdict for the plaintiffs the exceptions to the direction of a verdict for the defendants must be overruled.

The motion by the plaintiffs for a judgment *non obstante veredicto* cannot add anything to a case which discloses no cause of action. Such procedure is unknown in our practice here where the same issue can be raised and determined either by a motion for a new trial or by a motion for a directed verdict with exceptions to refusal to grant the same. The exceptions to the motion for a judgment *non obstante veredicto* must be overruled.

The ruling of a presiding justice directing a verdict for the defendant is a ruling that as a matter of law there is no evidence in the case which would support a verdict in favor of the plaintiff. This ruling must be attacked, if at all, by exceptions, not by motion. A general motion does not lie to set aside a verdict directed by the presiding justice. The motion must be dismissed.

*Exceptions overruled.*

*Motion for judgment non obstante veredicto overruled.*

*Motion for new trial dismissed.*